UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tony Downs Food Co.,

    Plaintiff,

v.                                                               Civil No. 13-3287 (JNE/JJK)
                                                              ORDER

Omar Associates, LLC,

    Defendant.

Tony Downs Food Co. brought this action in state court against Omar Associates, LLC, which removed it from state court on the basis of the jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Observing that Omar Associates failed to state its own citizenship in its notice of removal, the Court grants Omar Associates an opportunity to file an amended notice of removal.

Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, Omar Associates bears the burden of alleging the citizenship of each party. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In its notice of removal, Omar Associates stated that Tony Downs Food "is a Minnesota domestic corporation" and that Tony Downs Food's "primary place of business is located in

1

Minnesota." Omar Associates also stated that it is "a citizen of the State of Ohio," that it "is an Ohio limited liability company," and that "its primary place of business is in Ohio." Tony Downs Food is apparently a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of every state by which it has been incorporated and of the state where it has its "principal place of business").[1] Omar Associates did not properly state its own citizenship.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Omar Associates did not state with specificity the citizenship of each member of the company. Consequently, it failed to state its own citizenship.

---

[1] In its complaint, Tony Downs Food alleged that its principal place of business is in Minnesota.

2

Having failed to state its own citizenship, Omar Associates has not satisfied its burden of alleging diversity jurisdiction. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). "If a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party to cure the omission, as authorized by § 1653." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (internal quotation marks omitted); *see McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998). Accordingly, the Court grants Omar Associates seven days from the date of this Order to file an amended notice of removal that states with specificity the citizenship of each party. *See Corporate Mgmt. Advisors*, 561 F.3d at 1298 (directing the district court to permit the removing party to amend its notice of removal). If Omar Associates fails to do so, the Court will remand this action to state court for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) (2006).

IT IS SO ORDERED.

Dated: December 3, 2013

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge